No. 23,432.

LEWIS HAINES, as Guardian of JOHN DUGGER, a Distracted Person, *Appellee,* v. (THE UNION PACIFIC RAILROAD COMPANY et al.), JOHN BARTON PAYNE, as Agent, etc., *Appellant.*

### SYLLABUS BY THE COURT.

1. MASTER AND SERVANT—*Distracted Employee—Fall from Hand Car—Demurrer—Findings—Judgment.* The plaintiff's ward, a person of subnormal mentality and of physical infirmity, was knocked off an overcrowded railway hand car, while employed by the United States director-general of railroads. The defense was contributory negligence and assumption of risk. Record examined, and held (1) that the demurrer to the evidence was properly overruled; (2) that the defendant was not entitled to judgment on the special findings of the jury; and (3) that there was no error in the instructions given or refused.

2. SAME—*Distracted Employee—Fall from Hand Car—Assumption of Risk.* When a railway employee in the service of a master who is engaged in interstate commerce is of subnormal intelligence and is physically infirm he cannot as a matter of law be held to the same standard of duty to look out for himself, nor does he assume all the ordinary risks of his employment, to the extent imposed on able-bodied employees of normal intelligence. Such an employee only assumes the risks of employment which his subnormal intelligence will enable him to realize and understand.

Appeal from Mitchell district court; WILLIAM R. MITCHELL, judge. Opinion filed January 7, 1922. Affirmed.

*R. W. Blair, T. M. Lillard, O. B. Eidson,* all of Topeka, and *C. L. Kagey,* of Beloit, for the appellant.

*R. L. Hamilton,* of Beloit, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action for damages sustained by John Dugger, a section hand, while in the service of the director-general, near Beloit, on the Union Pacific railway.

The accident happened thus: Ten section hands and their foreman were riding on a railway hand car. Four of them were in front facing backward and working the front handlebar, four were on the rear end of the car facing forward and working the rear handlebar, two of the workmen were at the sides between the handlebars. The foreman sat on the water keg on a projection from the platform. The rules of railway operation limited the number on the handcar

to eight men but this rule had been habitually disregarded. Four men so greatly crowded the rear of the platform that each had only room to work the handlebar with one hand. Dugger was physically weak in his legs and not very alert mentally, and his fellow workmen were accustomed to place him at the extreme right of the rear of the platform, deeming some such precaution necessary to keep him from getting hurt. While propelling the hand car one day, the man on the extreme left momentarily forgot about the crowded condition of the car and squared himself to pump the handlebar with both hands. His elbow struck his neighbor on the right, who in turn jolted his fellow on the right, and the latter fell against Dugger and knocked him off the car. His foot caught on the car and he was dragged some distance and seriously injured in body and mind.

Plaintiff was appointed guardian for Dugger and he brought this action for damages. Defendant's answer pleaded contributory negligence and assumption of risk.

A verdict for $1,800 in plaintiff's favor was rendered, and judgment was entered thereon. The jury also answered four special questions:

"Question No. 1. Was John Dugger's fall caused by being jostled or struck by one of the men pumping the hand propellor of the hand car falling against him? Answer. Yes.

"Question No. 2. If you answer the preceding question, 'Yes,' then state whether the striking of John Dugger by one of the other men was a natural result of the number of men riding on the rear platform of the hand car? Answer. Yes.

"Question No. 3. Had John Dugger and the other members of the section gang been for some time in the habit of riding on the hand car in substantially the same manner and number as they were riding at the time of the accident? Answer. Yes.

"Question No. 4. Was John Dugger at and prior to the time of the accident complained of in plaintiff's petition a man of ordinary and of sufficient mental capacity to understand and perform the duties of a section hand working on the railroad? Answer. Yes."

Defendant makes no complaint about the mere amount of the verdict but says his demurrer to the evidence should have been sustained. He also assigns error in refusing requested instructions, error in those given, and that he was entitled to judgment on the jury's answers to the special questions.

Touching the first of these assigned errors, the evidence tended to support the two acts of negligence of which the plaintiff com-

Haines v. Railroad Co.

plained—the overcrowded condition of the hand car, and the negligence of the fellow servant in using both arms on the handlebar when there was only room to use one arm without jolting his fellow workmen. True, there was evidence that Dugger had worked for a few weeks on the overcrowded hand car and may be said to have assumed the usual risks of his employment. But on a demurrer to the evidence the trial court could not take the case from the jury by holding arbitrarily that Dugger did assume these risks. There was evidence that Dugger was not of sufficient mentality to understand and appreciate these dangers. Several witnesses testified to that effect. One of these, a fellow workman testified:

"Dugger is afflicted with nervous trouble or Saint Vitus dance caused by a sun stroke several years ago and he has no control over the action of his muscles or limbs and his mind is also afflicted. He is seemingly silly."

Another witness testified that Dugger was placed on the rear and at the extreme right on the hand car as a precautionary measure because his fellow workmen knew of his infirmities. He said:

"Well, we generally practiced safety first, and we always thought John maybe, possibly might get hurt or something and we usually work a man like that on the back end as much as we can."

The record discloses that plaintiff's cause of action was sufficiently established to require its submission to a jury; and that the demurrer to the evidence was properly overruled.

Let us next examine the special findings. The defendant asks us to attach special significance to No. 4. He would construe that finding as an affirmative determination that Dugger knew and understood these risks of his employment. It will not bear that interpretation. The finding simply declares that he had ordinary and sufficient mental capacity to understand and perform the duties of a section hand. It means that Dugger had wit enough to perform the simple but arduous sort of labor in which he was employed. The finding means nothing more. It is not a finding that Dugger had sufficient intelligence to understand and appreciate the dangers incident to his employment. It would have been very easy for defendant to have prepared and submitted to the jury a direct question whether John Dugger had sufficient intelligence to realize and appreciate the ordinary risks of his employment as a section hand. The court is not disposed to hold that judgment for defendant should have been ordered on the jury's special findings, nor, indeed,

do we believe that a judgment so ordered would have stood the scrutiny of our review.

Passing then to the instructions given and refused, we come to a more critical phase of this lawsuit. Defendant asked for an instruction which would have required a verdict in favor of defendant if the risk and danger of being jostled or pushed off the overcrowded car "were so apparent that an ordinary prudent person under the circumstances would have observed or appreciated them." If that is an accurate statement of pertinent law its refusal was erroneous, not only because it was not given but those given on this point were substantially different. The court explained contributory negligence and assumption of risk, and stated that the employee had a right to assume that his master would not employ negligent or delinquent fellow servants, and—

"The employee cannot be considered as assuming a risk that is attributable to the negligence of his employer or his fellow servants until he becomes aware of it, and realizes the danger of the situation, if any, he is placed in by the negligence, if any, of his employer or fellow servants."

The instructions given further read:

"If you find from the evidence in this case that plaintiff was injured as claimed in his petition, and that at the time of said injury that it was a violation of the rules of employment of defendant for more than eight men to ride on the hand car in question at one time, or that the employee, Frank Salley, was negligent under all circumstances and situation at that time, in stopping the pumping of said hand car with one hand and attempting to use both hands, if in fact he did, or that the placing of the number of men that were on the hand car in question in this suit at the time of plaintiff's injury, in the way in which they were placed, was negligent on the part of the defendant, you would be justified in finding that the defendant was negligent, unless you further find that the plaintiff with a realization of the danger of the situation, assumed the risk as a necessary incident of his employment."

Since it was conceded that Dugger's employer was engaged in interstate commerce, the instructions must harmonize with federal law. Defendant's contention is that they do not meet that requirement. We have examined the federal decisions cited by defendant. They announce the well known rule that a servant entering the employment of a master assumes the ordinary risks of his employment, and also the extraordinary risks which he knows and appreciates, but these cases deal with the extent of the servant's right and the master's liability where the servant is a person of ordinary intelligence, not with the case of a servant of subnormal intelligence—

Haines v. Railroad Co.

who was "seemingly silly." As we read the opinion of Judge Sanborn of the United States Court of Appeals, in *American Car & Foundry Co. v. Allen*, 264 Fed. 647, that able jurist recognizes that the age, *intelligence* and experience of the injured workman must be kept in view in determining the question whether the servant knew or should have known the risks and dangers incident to his employment.

" 'Yet if the negligence of the master or·its effect is known and appreciated by the servant, or is obvious, or "so patent as to be readily observed by him by the reasonable use of his senses, having in view his age, intelligence and experience," . . . and he enters and continues in the employment without objection, he elects to assume the risk of it, and he cannot recover for the damages it causes'; and that 'when a defect is obvious or "so patent as to be readily observed by a servant by the reasonable use of his senses, having in view his age, intelligence and experience," and the danger and risk from it are apparent, he cannot be heard to say that he did not realize or appreciate them.' " (*American Car & Foundry Co. v. Allen,* supra, p. 649.)

Can it be said that a servant of low mentality assumes all the risks and dangers of the employment which a servant of ordinary mentality and intelligence would assume in the same or similar employment and under the same or similar circumstances? Under the stress of war conditions, the defendant was compelled to recruit his force of laborers from the available supply; and so he hired the ward of the plaintiff, knowing that his mentality was subnormal, and that he was infirm in his legs. But he cannot escape liability for this servant's injuries by exacting from him the same standard of duty to look out for himself which the law imposes on laborers of ordinary intelligence and experience. It cannot be said as a matter of law that a laborer of Dugger's mental and physical infirmities knew or should have known the danger of being jolted off the overcrowded hand car. Whether he knew this risk and assumed it, was a jury question, and the rule of law embodied in the court's instructions was precise and just—that unless Dugger was aware of the danger of his situation, unless he had a realization of it, he did not assume the risk as a necessary incident of his employment.

The judgment will have to stand.

Affirmed.